UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.  ) | No. CR-24-516-R |
| ) | |
| **JENNIFER BAXTER,** ) | |
| **ALESHA INGRAM,** ) | |
| **PAULA KELLEY,** ) | |
| **VINCENT MATTHEWS,** ) | |
| **MELISSA MELTON,** ) | |
| **LYNNSEE NOEL,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Before the Court is a Motion for Bill of Particulars [Doc. No. 81] filed on behalf of Defendants Jennifer Baxter and Vincent Matthews. The Government responded in opposition [Doc. No. 90] and the matter is now at issue.

"The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985)). Under this standard, "the defendant is not entitled to know all the *evidence* the government intends to produce, but only the *theory* of the government's case." *Id.* at 1030 (quotation omitted).

The Indictment in this case charges Ms. Baxter and Mr. Matthews with two counts of Deprivation of Rights under Color of Law in violation of 18 U.S.C. § 242. The

Indictment alleges that Ms. Baxter was a detention deputy at the Garvin County Jail that was responsible for the well-being of pretrial detainees and for supervising other detention deputies and corrections nurses. Mr. Matthews was also a detention deputy at the Garvin County Jail. In Count 1, the Indictment alleges that Defendants willfully deprived K.T., a pretrial detainee, of her right to be free from deliberate indifference to a substantial risk of serious harm at the hands of other inmates. In Count 2, the Indictment alleges that Defendants willfully deprived K.T. of her right to be free from deliberate indifference to serious medical needs.

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an Indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" The Indictment in this case meets those requirements and is sufficiently precise to permit Ms. Baxter and Mr. Matthews to prepare their defense. Defendants' request for a specific articulation of their acts, omissions, and knowledge is more geared toward discovering evidentiary detail, which is not the purpose of a Bill of Particulars. *See Dunn*, 841 F.2d at 1028 ("A bill of particulars, however, is not a discovery device[.]").

Accordingly, the Motion for Bill of Particulars [Doc. No. 81] is DENIED.

IT IS SO ORDERED this 31st day of January, 2025.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE